IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RALPH E. PINSON,**  )
    **Plaintiff,**  )
    )
v.  ) CIVIL ACTION 24-0278-WS-C
    )
**UNITED STATES OF AMERICA,**  )
    )
    **Defendant.**  )

**ORDER**

    This matter is before the Court on the defendant's motion to dismiss, brought pursuant to Rule 12(b)(6). (Doc. 8). The plaintiff filed a response, (Doc. 10), the defendant elected not to file a reply, (Doc. 9), and the motion is ripe for resolution.

    According to the complaint, (Doc. 1), the plaintiff was a criminal defendant before this Court. The defendant was sentenced to a term of 21 months, with judgment entered on September 19, 2003. The judgment imposed a restitution obligation exceeding $1 million. The defendant completed his prison term and was released from custody on July 27, 2006. In November 2022, the defendant filed a notice of lien in Walton County, Florida. In January 2023, the defendant filed two additional notices of lien in the same jurisdiction.[1]

    The complaint acknowledges that the plaintiff's liability to pay restitution will not terminate until July 2026, twenty years after his release from prison. However, the complaint alleges that, under the statute governing liens arising from an order of restitution, the lien expired in September 2023, twenty years after entry of judgment. The complaint's single count seeks a declaration that the liens have expired and are

---

[1] The complaint says that the notices of lien are attached as exhibits to the complaint, but they are not.

unenforceable, along with a direction to the defendant to take immediate action to remove them.

The defendant first argues that the complaint should be dismissed because its "time to collect has not expired." (Doc. 8 at 3). That may be so, but the complaint challenges the enforceability of the liens, not the collectability of the debt.

The defendant acknowledges the 20-year statutory limit on the life of its lien. It argues, however, that it is "authorized to renew that lien" and that it did so by "fil[ing]" the subject liens. (Doc. 8 at 4). The defendant fails either to identify the source of its asserted authority or to show where the complaint (or any other material properly reviewable on motion to dismiss) establishes that it properly exercised such authority.

Finally, the defendant argues that no justiciable controversy exists, on the grounds that "applying the law ... with [sic] the facts" shows the liens have not expired. (Doc. 8 at 4-5). This is an argument on the merits, not on the existence of a justiciable controversy, and it fails for reasons already mentioned.[2]

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 18th day of February, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The complaint plainly sets forth a justiciable controversy, as it alleges the notices of lien are improper and are interfering with a pending sale of real property in which the plaintiff has an interest. (Doc. 1 at 5). *See Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409, 414-15 (11th Cir. 1995) (describing what makes a justiciable controversy).